Henderson, Chief-Justice,
dissenfienta. — The act of If34, (Rev. ch. 227) prescribes the duties of overseers of roads, and it is di dared in the 14th section of the act, that ail overseers, who shall fail, or neglect to do liieir duty, as by that act directed, shall forfeit forty shillings for every offence to he recovered by warrant. By the act of 1786, sec. 4-,'(Ilev. ch. 256) it is declared t'.iat all offences, or acts done against the purview of the. act of 1784, shall thereafter be prosecuted by indictment.
The Defendant is indicted for doing acts prohibited by the act of 1784, and omitting to perform duties enjoined by it, and the indictment concludes against the form of the statute, in the singular, and it is objected that as it is founded on both statutes, it should conclude against them both in the plural.
If we have recourse to authorities, I scarcely know of a question more perplexed. The books arc confused, and I think irreconcileabie. It is said by many, that where recourse must be had to two or more statutes, to punish as by law directed, the indictment should conclude against “the form of the statutes.” I think that is not the rule, for we know that win re cle< gy is ousted by statute, cither from a common law, or a statute offence, the statute ousting clerg) is never referred to ; neither are on r modern statutes which cjhangethe proceedings and inflict punishment upon the allowance of clergy ; this is a very strong case/ for bj those statutes, the punishment is changed. 1 am inclined to believe that this is the rule j that where it is necessary to have, recourse to two or more statutes, to show that the acts imputed as crimes, arc in fact so, that is, acts forbidden or duties *208 enjoined, (I am not enquiring now whether they should not be acts or duties of a public nature,) there both or all the acts must be referred to. It may then truly be said, that the Defendant did those acts, contrary to the prohibitions or injunctions of the statutes. But it cannot be said, that the Defendant did an act contrary to the prohibitions of a statute, when the statute did not prohibit if, in fact was silent in regard to it, and only prescribed the mode of prosecution, and the punishment upon conviction. It maybe asked, which statute has the Defendant violated. The answer is, as I think, that statute which prohibited the acts which he lias done, or enjoined the duties the performance of which lie has neglected. The statute prohibiting or enjoining the acts is the major prohibition ; the acts imputed or the omission alleged, the minor, and the guilt or innocence of the accused, as his acts may, or may not fall within the statute, the conclusion. The Defendant cannot be said to act contrary to a statute, which prescribes nothing to be done, hut only fixes the mode of proceeding against, and the measure of punishment to those who have violated another.
it would he more rational to consider that the 4th section of the act of 1786 re-enacted that of 1784, as if the latter had been set out at large, and thereby that the act of 1786 was violated, and not the act of 1784. Isay this construction would be more reasonable, than that both statutes must be resorted to, in order to show that the acts charged are criminal.
It is with great deference, and much reluctance, that I differ from my brothers ; but my opinion is, that the indictment is sufficient.
Per Curiam. — Let the judgment below be reversed, and the judgment arrested.